**FILED**
August 26, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALISSA WEST, PAULINA HERRERA, EUNICE CONTRERAS, KYLE ARNELL, GUADALUPE ZAPATA, JOHN TIJERINA, and PAULINA ENEIX, | § | |
| Plaintiffs, | § | |
| v. | § | 5:25-CV-00741-MA |
| TRANSCEND HOSPICE 15, LLC, LISA BUTLER, *Individually*, and GABRIEL FELDER, *Individually*, | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed July 22, 2026.[1]

This is a Fair Labor Standards Act ("FLSA") case. Plaintiffs Alissa West, Paulina Herrera, Eunice Contreras, Kyle Arness, Guadalupe Zapata, John Tijerina, and Paulina Eneix ("Plaintiffs"), who are "hospice nurses, hospice aids, and a chaplain," allege that their employer, Defendant Transcend Hospice 15, LLC, along with Defendants Lisa Butler and Gabriel Felder, failed to compensate them for work performed during April, May, and/or June 2025.[2] Plaintiffs commenced this action on June 30, 2025, asserting claims for: (1) violations of the FLSA; (2) state common-law breach of contract; and (3) unjust enrichment.[3]

[1] Dkt. No. 36.
[2] Dkt. No. 1, at ¶¶ 1.1–1.5, 5.1–5.5.
[3] Dkt. No. 1, at ¶¶ 6.1–6.18.

On December 9, 2026, Defendant Gabriel Felder, proceeding *pro se*, filed a Rule 12(b)(6) Motion to Dismiss.[4] Plaintiffs timely responded.[5] Then on, January 5, 2026, Defendant Lisa Butler filed a Rule 12(c) Motion for Judgment on the Pleadings.[6] Plaintiffs timely responded to both motions,[7] and Defendant Lisa Butler timely filed a reply.[8]

In their respective motions, both Defendants Gabriel Felder and Lisa Butler assert that they were not "employers" under the FLSA during the relevant months of this action.[9] Defendant Gabriel Felder also invokes the intervening and superseding cause doctrine, without explanation of how or to which claims this doctrine might apply.[10]

Applying the economic realities test, the Magistrate Judge found that Plaintiffs had plausibly alleged that Defendants Gabriel Felder and Lisa Butler exercised sufficient control over Plaintiffs to qualify as "employers" under the FLSA during the months that Plaintiffs alleged the FLSA violations occurred.[11] The Magistrate Judge also found that Defendant Gabriel Felder's invocation of the intervening and superseding cause doctrine was inapposite in this proceeding, as Plaintiffs asserted no negligence claims and the Defendant Gabriel Felder provided no explanation as to how this doctrine might apply to Plaintiffs' claims brought under common law.[12] In light of this, the Magistrate Judge recommended that both Defendants' motions be denied without prejudice.[13]

Any party who desires to object to a Magistrate Judge's findings and recommendations

[4] Dkt. No. 14.
[5] Dkt. No. 18.
[6] Dkt. No. 21.
[7] Dkt. Nos. 18, 23.
[8] Dkt. No. 24.
[9] Dkt. Nos. 14, at 1–4; 21, at ¶¶ 19–22.
[10] Dkt. No. 14, at 3–4.
[11] Dkt. No. 14, at 4–8.
[12] Dkt. No. 36, at 8–9.
[13] Dkt. No. 9.

must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations.[14] Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review.[15]

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law.[16] Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and **DENIES** Defendant Felder's Motion to Dismiss[17] and Defendant Butler's Motion for Judgment on the Pleadings[18] **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DONE this 26th day of August, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[14] FED. R. CIV. P. 72(b)(2).
[15] See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").
[16] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[17] Dkt. No. 14.
[18] Dkt. No. 21.